IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2011

**STATE OF TENNESSEE v. STEVEN CRAIG WILCOX**

**Direct Appeal from the Circuit Court for Moore County**
**No. 1137    Robert Crigler, Judge**

**No. M2010-01985-CCA-R3-CD - Filed June 29, 2011**

The defendant, Steven Craig Wilcox, pled guilty to conspiracy to promote the manufacture of methamphetamine, a Class E felony, in exchange for a four-year sentence with the manner of service to be determined by the trial court. After a sentencing hearing, the trial court denied the defendant's request for an alternative sentence, ordering instead that the defendant serve his term in the Department of Correction. On appeal, the defendant argues that the trial court erred in imposing a sentence of confinement. After review, we affirm the sentencing decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. McLIN and CAMILLE R. McMULLEN, JJ., joined.

Norris A. Kessler, III, Winchester, Tennessee, for the appellant, Steven Craig Wilcox.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Charles Crawford, District Attorney General; and Ann L. Filer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The defendant was indicted for promotion of the manufacture of methamphetamine, conspiracy to initiate the process of manufacturing methamphetamine, felony evading arrest,

and misdemeanor evading arrest. He pled guilty[1] to the amended charge of conspiracy to promote the manufacture of methamphetamine in exchange for an agreed sentence of four years with the manner of sentencing to be determined after a hearing. The remaining charges against him were dismissed.

At the sentencing hearing, the State requested that the facts stated at the guilty plea hearing be incorporated by reference as proof. The State noted that the facts from the plea hearing were "basically consistent with what is on page 3 of the Presentence Report." The State then moved to admit the presentence report and copies of the defendant's prior judgments of convictions, some of which were certified, as exhibits.

The defendant called his wife, Nicole Wilcox, who testified that she and the defendant were married approximately a month after the defendant was arrested on the charges in this case, but they had dated off and on for ten years and had a seven-year-old child together. Mrs. Wilcox stated that she was not presently working due to a recent surgery and that she and her child depended on the defendant as their only source of income. She was aware that the defendant had a drug problem in the past, but she believed the defendant could maintain his sobriety if the judge placed him on probation.

Asked about her knowledge concerning the defendant's involvement in the offense in this case, Mrs. Wilcox stated that her understanding was that the defendant was not guilty but instead "that he was at the wrong place at the wrong time. The reason he pleaded guilty is because of his background history." She did not have personal knowledge of what drugs the defendant used in the past, nor did she have personal knowledge of the defendant's supplier of methamphetamine. She had heard from word-of-mouth who provided the defendant with drugs, but she did not remember those names. However, upon further pressing, Mrs. Wilcox recalled the name of one methamphetamine supplier. Mrs. Wilcox acknowledged that she was convicted of public intoxication in 2002.

Howard Wilcox, the defendant's father, testified that he had throat cancer and other health conditions, and the defendant assisted him by running errands and mowing the lawn. Mr. Wilcox acknowledged that the defendant had been in trouble in the past, but he felt that the defendant "has done a whole lot of change." Mr. Wilcox said that he has partial custody of one of the defendant's other children, for whom the defendant was supposed to pay child support. Mr. Wilcox was aware that the defendant was not in compliance with a court order requiring that he make child support payments with respect to at least three children.

---

[1] A transcript of the guilty plea hearing was not included in the record on appeal.

Mr. Wilcox testified that the defendant dropped out of high school in the ninth or tenth grade and had never obtained a GED. He was aware that the defendant used drugs, but he did not know from whom the defendant obtained the drugs. Mr. Wilcox stated that the defendant was employed with his cousin doing construction work.

Reverend Janice Angus testified that she had known the defendant his entire life and that the defendant had changed and was attending church. Reverend Angus believed that the defendant "w[ould] make it and there won't be no more problems" if he stayed on his current path. She believed the defendant should be given probation instead of sentenced to jail. On cross-examination, Reverend Angus acknowledged that the defendant had attended church more regularly "in the last six or seven months than he ever ha[d]." She maintained that she did not know any of the details concerning the defendant's present conviction. Reverend Angus admitted that the defendant "ha[d] been in trouble a lot" in the fourteen years she had known him, but she believed that "he is really trying harder than he has ever tried before."

In sentencing the defendant, the court considered the statutory enhancement and mitigating factors as instructive in determining the manner of service of sentence. The court found that the defendant had a previous history of criminal convictions in addition to those necessary to establish the appropriate range, had failed to comply with the conditions of a sentence involving release into the community, and was on probation or alternative release at the time of the offense. See Tenn. Code Ann. § 40-35-114(1), (8), (13). The court found as a mitigating factor that the defendant's conduct neither caused nor threatened serious bodily injury. See id. § 40-35-113(1).

With regard to the manner of service of sentence, the court concluded that confinement was necessary to protect society by restraining a defendant who had a long history of criminal conduct. The court also observed that measures less restrictive than confinement had frequently and recently been applied unsuccessfully to the defendant, stating that "the defendant has been on probation before, and that has not deterred future criminal activity. He has been in jail lots of times before, and that hasn't kept him from continuing to break the law." Accordingly, the court ordered that the defendant serve his four-year sentence in confinement.

## ANALYSIS

The defendant challenges the trial court's imposition of a sentence of confinement, arguing that the State did not sufficiently prove that the seriousness of the offense would be depreciated by probation and that a sentence of confinement "was severely greater than that deserved for the offense committed and was not the least severe measure necessary to

-3-

achieve the purposes for which the sentence was imposed." The State responds that the defendant has waived the issue for failing to include the plea hearing transcript in the record on appeal, and, in the alternative, that the "trial court had a sufficient legal and factual basis upon which to require the defendant to serve the entirety of his agreed four-year sentence."

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2006). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000).

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statistical information provided by the administrative office of the courts as to Tennessee sentencing practices for similar offenses, (h) any statements made by the accused in his own behalf, and (i) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210 (2010); State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401 (2010), Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169.

Under the revised Tennessee sentencing statutes, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. State v. Carter, 254 S.W.3d 335, 347 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-102(6) (2006)). Instead, the advisory sentencing guidelines provide that a defendant "who is an especially mitigated or standard offender convicted of a Class C, D, or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (2010).

A defendant shall be eligible for probation, subject to certain exceptions, if the sentence imposed on the defendant is ten years or less. Tenn. Code Ann. § 40-35-303(a)

(2010). A defendant is not, however, automatically entitled to probation as a matter of law. The burden is upon the defendant to show that he is a suitable candidate for probation. Id. § 40-35-303(b); State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). In order to meet this burden, the defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

There is no bright line rule for determining when a defendant should be granted probation. Bingham, 910 S.W.2d at 456. Every sentencing decision necessarily requires a case-by-case analysis. Id. Factors to be considered include the circumstances surrounding the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. Goode, 956 S.W.2d at 527. Also relevant is whether a sentence of probation would unduly depreciate the seriousness of the offense. See State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997); Bingham, 910 S.W.2d at 456.

A trial court may deny alternative sentencing and sentence a defendant to confinement based on any one of the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1) (2010).

Initially, the State argues that this court is precluded from reviewing the trial court's sentencing determinations because the defendant failed to include a transcript of the plea hearing in the record on appeal, making this court unable to conduct a full *de novo* review. The State is correct in this assertion. See State v. Shatha Litisser Jones, No. W2002-02697-CCA-R3-CD, 2003 WL 21644345, at *3 (Tenn. Crim. App. July 14, 2003).

In any event, the record before us supports the trial court's imposition of a sentence of confinement. The presentence report reveals that the defendant has a criminal history starting at the age of eleven and spanning ten pages of the presentence report. His criminal history consists of twenty convictions as an adult and thirteen juvenile adjudications, reflecting a broad scope of criminal activity, including drug offenses, vandalism, burglary, theft, resisting arrest, and driving offenses. In recounting the defendant's criminal history, the trial court noted at least three occasions where the defendant violated his probation and observed that the defendant was on probation at the time of the offense in this case. Thus, the record supports the court's findings that confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct, and measures less restrictive than confinement have frequently *and* recently been applied unsuccessfully to the defendant. Moreover, the trial court noted that it considered the defendant's potential or lack of potential for rehabilitation and apparently was unpersuaded by testimony from defense witnesses claiming that the defendant had changed. We discern no error in the sentence imposed by the trial court.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE

-6-